## STEWART vs. COLLIER's Lessee.

JUNE (E. S.)

APPEAL from *Somerset* County Court. Ejectment for an undivided eighth part of a tract of land called *The Ferry Quarter*. The facts were these: Col. *John Stewart* died intestate in 1794, seized in fee simple, as well of the land above mentioned as of other lands, leaving two children, viz. *Alexander Stewart* and *Jane Gale*, to whom said lands descended, as his heirs at law, under the act of 1786, *ch*. 45. A division was made of the lands after the death of Col. *Stewart*, between *Alexander* and *Jane*, and the land

A S died in 1810, intestate, & without issue, seized of lands which descended to him on the part of his father, leaving no mother, brother or sister, or any descendants from either; but leaving grandchildren, of an uncle and aunts, the brother and sisters of his father—*Held*, that the children of the deceased uncle and aunts took

*per capita*, and not *per stirpes*, to the exclusion of the grandchildren.

above mentioned, with other lands, were allotted to *Alexander*, who died seized thereof in 1810, intestate, and without issue, mother, brother or sister, or any descendants from either. Col. *John Stewart* had one brother and three sisters, to wit; *William Stewart*, *Betty Wailes*, *Nancy Porter* and *Sarah M'Murray*. *William Stewart* died in 1808, leaving issue *John Stewart*, *William Stewart*, *Robert Stewart*, *Betsey Evans*, *Nancy Stewart* and *Matilda Stewart*, all of whom are now living. The said *William Stewart* had also two other daughters, viz. *Rebecca Dasheill* and *Sarah Jones*. *Rebecca Dasheill* died in 1800, leaving issue who are still living, and *Sarah Jones* died in 1794, leaving issue who are also now alive. *Betty Wailes* died in 1785, leaving two children, viz. *Helena Collier*, (the lessor of the plaintiff,) and *Joseph Wailes*. *Joseph Wailes* died in 1796, leaving issue, who are now alive. *Nancy Porter* died in 1775, leaving one child, *Rebecca Cothel*, who died in 1806, leaving issue now living. *Sarah M'Murray* died in 1764, leaving issue *Nancy Russell* and *Rebecca Denwood*. *Nancy Russell* died in 1800, and *Rebecca Denwood* in 1804, both leaving issue, now living. The question was, whether *Helena Collier* was entitled to one undivided eighth part of the lands of which *Alexander Stewart* died seized? The county court gave judgment for the plaintiff, and the defendant appealed to this court.

The cause was argued before CHASE, Ch. J. and BU-CHANAN, NICHOLSON, and JOHNSON, J. by

*Martin*, *W. B. Martin*, *J. Bayly*, and *Whittington*, for the Appellant; and by

*Bullitt*, *T. Bayly*, and *Wilson*, for the Appellee.

The questions argued were—1. Whether under the act to direct descents, (1786, *ch.* 45,) the estate of *Alexander Stewart* must be divided into four parts, and each of those parts should descend to the representatives as if the uncles and aunts of *A. Stewart* were living? 2. Whether the words of that act will authorise the construction that the representatives must claim *per capita* or *per stirpes?* The counsel for the appellant referred to *Dig. Chan. Ca.* 121. 213, 270, 276. *Butler vs. Stratton*, 3 *Brown's Chan. Ca.* 367. *Walsh vs. Walsh*, *Prec. in Chan.* 54. *Davers vs. Dewes*, 3 *P. Wms.* 50. *Durand vs. Prestwood*, 1 *Atk.* 454. *Bowers vs. Littlewood*, 1 *P. Wms.* 595; and *Stanley vs. Stanley*, 1 *Atk.* 455.                    JUDGMENT AFFIRMED.